**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARLTON LANE, | |
| Plaintiff, | CIVIL ACTION NO. 3:CV-14-991 |
| v. | (JUDGE CAPUTO) |
| JOSEPH F. TAVARES, M.D., *et al.*, | (MAGISTRATE JUDGE SCHWAB) |
| Defendants. | |

## **MEMORANDUM**

Presently before me is Magistrate Judge Susan E. Schwab's Report and Recommendation (Doc. 127) to Defendant Joseph Tavares' ("Tavares") Motion to Dismiss (Doc. 23) Plaintiff Carlton Lane's ("Lane") Complaint. For the reasons that follow, the Report and Recommendation will be adopted in part, the motion to dismiss will be granted, and Lane will be granted twenty-one days in which to file an amended complaint.

### **I. Background**

Lane commenced this action against Tavares, Paula Price, Tabb Bickell, Mr. Cook, Christopher Oppman, and the Pennsylvania Department of Corrections on May 23, 2014.[1] Lane alleges claims against Tavares (and the other individual Defendants) for the violation of his constitutional rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. (*Compl.*, Counts I-IV.) He also alleges claims against the Department of Corrections for violations of the Religious Land Use and Institutionalized Persons Act, the Americans with Disabilities Act, and the Rehabilitation Act. (*Id*. at Counts V-VII.)

Tavares filed a motion to dismiss the Complaint and supporting brief on August 15, 2014. (Docs. 23-24.) Lane filed a brief in opposition to the motion on August 26, 2014 (Doc.

---

[1] Defendants Paula Price, Tabb Bickell, Mr. Cook, Christopher Oppman, and the Pennsylvania Department of Corrections are collectively referred to as "Commonwealth Defendants."

29), and Tavares filed a reply brief in further support of his motion on September 4, 2014 (Doc. 30). Lane, with permission, filed a sur-reply brief on October 16, 2014. (Doc. 45.)

Commonwealth Defendants, on the other hand, answered the Complaint on July 23, 2014. (Doc. 21.) Commonwealth Defendants then filed a motion for judgment on the pleadings. (Doc. 25.) Subsequently, after that motion was fully briefed, Commonwealth Defendants filed a "Motion to Correct the Record and Refile Briefs" associated with their motion for judgment on the pleadings (Doc. 58), which was ultimately denied as moot (Doc. 101) after Commonwealth Defendants filed both a praecipe to withdraw their motion for judgment on the pleadings (Doc. 94) and a motion for summary judgment (Doc. 95) on January 9, 2015.[2]

On February 22, 2015, Lane filed a motion for partial summary judgment. (Doc. 107.) Lane seeks partial summary judgment in the form of declarative relief as to his claims against Commonwealth Defendants and Tavares. Both Commonwealth Defendants' motion for summary judgment and Lane's motion for summary judgment are now fully briefed.

Magistrate Judge Schwab issued the instant Report and Recommendation on June 22, 2015. (Doc. 127.) Magistrate Judge Schwab recommends that Tavares' motion to dismiss be granted, the claims against Tavares be dismissed without prejudice, and a determination on whether Lane should be granted leave to file an amended complaint be deferred until the pending motions for summary judgment are resolved. (*Id*. at 32.) Lane filed timely objections to the Report and Recommendation. (Doc. 129.) The Report and Recommendation and Lane's objections thereto are now ripe for review.

---

[2] In November 2014, Lane filed an application for a temporary restraining order (Doc. 49) and a motion for a preliminary injunction (Doc. 55). Both of those requests were denied. (Docs. 52; 102; 103.)

### II. Legal Standard

Where objections to a magistrate judge's R & R are filed, the Court must conduct a *de novo* review of the contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). This only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).

In conducting a *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### III. Discussion

As stated, the instant Report and Recommendation under review concerns Tavares' motion to dismiss the Complaint. Magistrate Judge Schwab, in accordance with Rule 12(b)(6), accepted as true the allegations in the Complaint and limited her review of the facts to only those set forth in the Complaint. And, based on only those facts and allegations, Magistrate Judge Schwab concludes that the Complaint fails to adequately state a claim against Tavares upon which relief can be granted. Magistrate Judge Schwab thus recommends that Tavares' motion to dismiss be granted.

Lane objects to the recommendation that his claims against Tavares be dismissed. The thrust of the objections is not that the Report and Recommendation erroneously

concludes that the allegations in the Complaint, when considered in isolation, fail to state claims against Tavares for violations of Lane's First, Eighth, and Fourteenth Amendment rights. Instead, Lane faults the Report and Recommendation for resolving the motion to dismiss "in a vacuum, as though the docket contained nothing else . . . ." (Doc. 129, 5.) Lane instead contends that the allegations in the Complaint should be viewed with the other evidence in the record, namely, the evidence submitted in relation to the withdrawn motion for judgment on the pleadings, the denied motion for a preliminary injunction, and the two pending summary judgment motions. Lane thus argues that the allegations in the Complaint coupled with the evidence in the record renders the motion to dismiss moot because he has already established his claims against Tavares for the reasons set forth in his pending motion for partial summary judgment.

The recommendation to grant Tavares' motion to dismiss will be adopted. Had Magistrate Judge Schwab considered the evidence outside the pleadings as suggested by Lane, Tavares' motion to dismiss would have been treated as one for summary judgment. *See* Fed. R. Civ. P. 12(d). Magistrate Judge Schwab therefore did not err in limiting her review to the facts set forth in the Complaint. And, reviewing the allegations in the Complaint *de novo*, I agree with Magistrate Judge Schwab that Lane fails to state a claim against Tavares. As such, Tavares' motion to dismiss will be granted.

I will, however, grant Lane leave to file an amended complaint. Rule 15 of the Federal Rules of Civil Procedure permits a court to grant a party leave to amend its pleadings. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. As such, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). In this context, "'futility' means that the

4

complaint, as amended, would still fail to state a claim upon which relief could be granted." *Shave v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997)).  As it is not apparent that amendment would be futile, Lane will be granted twenty-one days in which to file an amended complaint. Furthermore, because Lane will be given the opportunity to file an amended complaint, I will deny the summary judgment motions as moot and without prejudice to re-filing after the pleadings are closed. *See, e.g., Sammons v. Phila. Gas Works*, No. 14-2419, 2015 WL 1383581, at *1 n.2 (E.D. Pa. Mar. 20, 2015) ("Since the Court is granting Plaintiff's Motion for leave to amend, that motion for summary judgment is moot."); *Boarhead Farm Agreement v. Advanced Environmental Technology Corp.*, 381 F. Supp. 2d 427, 437 (E.D. Pa. 2005) (concluding that granting leave to amend complaint mooted pending summary judgment motion).[3]

### IV. Conclusion

For the above stated reasons, Magistrate Judge Schwab's recommendation to grant the motion to dismiss filed by Defendant Tavares will be adopted.  Lane will be given twenty-one days in which to file an amended complaint, and the pending motions for summary judgment filed by Lane and Commonwealth Defendants will be denied without prejudice.

An appropriate order follows.

| | |
|---|---|
| August 20, 2015 <br> Date | /s/ A. Richard Caputo <br> A. Richard Caputo <br> United States District Judge |

---

[3]   Federal Rule of Civil Procedure 56(b) states: "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of the proceedings." Fed. R. Civ. P. 56(b).  To streamline these proceedings, no summary judgment motions shall be filed in this case until after all the pleadings are closed.